849 F.2d 605
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnny GASQUE, Plaintiff-Appellant,
v.
NATIONAL FEDERATION OF STATE HIGH SCHOOL ASSOCIATIONS,
Defendant-Appellee.
Johnny GASQUE, Plaintiff-Appellee,
v.
NATIONAL FEDERATION OF STATE HIGH SCHOOL ASSOCIATIONS,
Defendant-Appellant.
 Nos. 87-2604, 87-2612.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 6, 1988.
Decided: May 27, 1988.
 
 Wilmot B. Irvin (Terrell L. Glenn, Glenn, Irvin, Murphy, Gray & Stepp; Robert W. Dibble, Jr., Jane W. Trinkley, McNair Law Firm; Jack M. Scoville, Jr., Rosen, Rosen & Scoville, on brief), for appellant.
 D. Cravens Ravenel (S. Markey Stubbs, Belser, Baker, Barwick, Ravenel, Toal & Bender, on brief), for appellee.
 Before WIDENER, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Johnny Gasque brought suit against the National Federation of State High School Associations (the Federation) for injuries he suffered during a high school football game. He appeals from the dismissal of his claims pursuant to the Federation's motions for summary judgment and directed verdict. The Federation cross-appeals denial of various motions. We affirm.
 
 I.
 
 2
 The Federation is an Illinois corporation headquartered in Kansas City, Missouri. It develops and promulgates "uniform suitable rules and interpretations governing high school athletic contests," including football. These rules are copyrighted, published and offered for sale to its membership, which includes the South Carolina High School League, and to the general public.
 
 
 3
 The Federation's Football Rules Committee annually considers rule changes. Pursuant to its procedures in 1976, the Federation adopted in part a rule change of the National Collegiate Athletic Association (NCAA) dealing with players initiating contact by using their helmets. The NCAA rule provides that "[n]o player shall deliberately use his helmet to butt or ram an opponent." The Federation's rule prohibits such contact by blockers and tacklers, but not by runners.
 
 
 4
 Johnny Gasque is a quadriplegic as a result of a broken neck sustained during a high school football game in October, 1980. At the time of his injuries 15-year-old Gasque had been playing organized football for approximately four years. The injury occurred when he attempted to tackle Darryl Owens, the opposing team's quarterback, who was running for a touchdown.
 
 
 5
 Gasque stated in his deposition that he intended to tackle as he had been taught, and the Federation's rules required, squaring his shoulder to the runner and not using his helmet as the primary point of impact. However, eyewitnesses testified that, just prior to contact, Gasque and Owens lowered their heads, and that the initial point of contact was the top of both helmets. Owens testified that he had been taught to drive his helmet into a defender when in a "trapped position." He stated that he believed the technique was permissible under the rules.
 
 II.
 
 6
 Gasque alleged that the Federation was negligent in promulgating rules which did not prohibit a runner from driving his helmet into a potential tackler. He also alleged claims of breach of common-law implied warranty, express warranty, U.C.C. implied warranty of merchantability and strict product liability, the alleged "product" being the rules of the Federation. The district court granted the Federation's motion for summary judgment on the warranty and product liability claims and its motion for a directed verdict on the negligence claim.
 
 
 7
 In this diversity action, South Carolina substantive law governs. Erie R.R. v. Tompkins, 304 U.S. 64 (1938). We are satisfied that the district court properly applied South Carolina law to the circumstances of this case. We affirm dismissal of Gasque's claims for the reasons stated in the rulings and order of the district court. Gasque v. National Federation of State High School Associations, C/A No. 85-2459 (D.S.C. March 23, 1987). Because this disposes of the appeal, it is unnecessary to address the additional issues raised by the Federation in its cross-appeal.
 
 
 8
 AFFIRMED.